UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>TERESA ARNOLD,<br><br>          Defendant. | Case No. 04-cr-40012-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Teresa Arnold's ("Arnold") motion for production of grand jury transcripts (Doc. 48), presumably pursuant to Federal Rule of Criminal Procedure 6(e). She does not offer any reason she is seeking the transcripts.

The defendant is not entitled to production of the grand jury minutes she seeks. For centuries, grand jury proceedings have been kept secret. *In re Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996). The secrecy of grand jury proceedings is well documented in federal cases:

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218-19 (1979)). In light of these concerns, Rule 6(e)(3)(E) requires a strong showing of particularized and compelling need for grand jury materials before any

disclosure will be permitted. *EyeCare Physicians*, 100 F.3d at 518; *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993); *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984); *Sells Eng'g*, 463 U.S. at 443. "'Parties seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *EyeCare Physicians*, 100 F.3d at 518 (quoting *Douglas Oil*, 441 U.S. at 222). "Although 'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification' for their disclosure, the interests in secrecy are 'not eliminated merely because the grand jury has ended its activities.'" *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) (quoting *Douglas Oil*, 441 U.S. at 222-23).

The Court may authorize disclosure of grand jury proceedings "preliminary to or in conjunction with a judicial proceeding," Fed. R. Crim. P. 6(e)(3)(E)(i), or where the defendant shows "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim P. 6(e)(3)(E)(ii). Other provisions for disclosure do not apply in this case.

The defendant has not given any reason justifying disclosure, even though the grand jury that indicted her has been dismissed. She has not alleged that the transcripts are needed for a judicial proceeding and has made no attempt to show that grounds may exist for a motion to dismiss the indictment. In sum, she has not shown any need, much less a particularized need, for disclosure of the grand jury materials.

The Court finds that the defendant has failed to make the strong showing of compelling and particularized need to justify deviation from the normal secrecy of grand jury proceedings.

Therefore, the Court **DENIES** her motion for copies of the grand jury transcript (Doc. 48).

**IT IS SO ORDERED.**
**DATED:  November 8, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
